LAW OFFICE OF PETER SCHEY
Peter A. Schey (Cal Bar #58232)
11994 Chalon Road.
Los Angeles, CA 90049
Telephone: (323) 251-3223
Facsimile: (310) 526-6537
Email: peter@peterschey.com

LAW OFFICE OF STUART I. FOLINSKY
Stuart I. Folinsky
6255 Sunset Blvd.
Los Angeles, CA 90028
Telephone: 213 386-8540
Email: folinskyinla@sbcglobal.net

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANKALP SIDDHANT, INC, *et al.*,

Plaintiffs,

- vs -

ROBERT WEIMANN, USCIS

Defendant.

Case No. SACV 07-39-VBF (MLGx)

SETTLEMENT AGREEMENT

Hon. Valerie B. Fairbank
United States District Judge

PREAMBLE

This settlement agreement ("Agreement") is entered into by all Plaintiffs and Defendant in this lawsuit (collectively, "the Parties"). Plaintiffs Sankalp Siddhant, Inc. ("Sankalp") and Sanjay Agrawal ("Agarwal"). Sankalp is a corporation formed under the laws of California. Plaintiff Agarwal is the Chief Operating Officer of Sankalp and the alien beneficiary of an immigrant visa petition ("I-140 Petition") filed by Sankalp. Sankalp and Agarwal are jointly hereinafter referred as the "Plaintiffs." Defendant is Robert

Weimann ("Defendant") is the Director of the Administrative Appeals Office ("AAO") of the U.S. Citizenship and Immigration Services ("USCIS").

WHEREAS, on August 9, 2005, the USCIS Service Center issued a decision denying the I-140 Petition filed by Sankalp ("Service Center Decision"); and

WHEREAS, on September 22, 2005, Sankalp filed a timely Form I-290B, Notice of Appeal to the AAO, a unit of the USCIS, asserting that the Service Center Decision was erroneous; and

WHEREAS, on March 28, 2006, the AAO dismissed Sankalp's appeal ("AAO Decision"); and

WHEREAS on January 9, 2007, Plaintiffs timely filed this lawsuit challenging several aspects of the AAO's Decision; and

WHEREAS the District Court has pending before it Defendant's motion for summary judgment and Plaintiffs' opposition to said motion and request that the Court grant summary judgment in favor of the Plaintiffs and award Plaintiffs attorneys' fees and costs; and

WHEREAS the District Court has not yet ruled on any summary judgment requests made in this case; and

WHEREAS further litigation in this case may be complex, lengthy and costly to all parties concerned, and the decision of the District Court may be subject to appeal by the losing Party with the final outcome uncertain; and

WHEREAS the Parties believe that settlement of this action is in their best interests and best serves the interests of justice by avoiding complex, lengthy, and costly District Court proceedings, and subsequent appeals which could last for several more years;

NOW THEREFORE, in full settlement of this action and in consideration of the promises and undertakings set forth herein and other consideration, the sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed, by and between the undersigned, as follows:

## I. DEFINITIONS

As used throughout this Settlement the following definitions shall apply:

1. "Party" or "Parties" applies to Defendants and Plaintiffs.

2. "Defendant" is Robert Weimann, the Director of the AAO of the USCIS.

3. "Plaintiffs" are Sankalp and Agrawal.

4. "Alien" has the same meaning as that term is defined at INA § 101(a)(3), 8 U.S.C. § 1101(a)(3).

5. "Adjustment of status" refers to adjustment of status of SIJs pursuant to INA § 245(h), 8 U.S.C. § 1255(h).

6. "Effective date" is the date upon which the Agreement enters into effect, which shall be the date on which the Court signs an order approving the Agreement.

## II. SCOPE OF SETTLEMENT

7. Defendant and the USCIS Service Center agree to and hereby withdraw the denials issued by the USCIS in relation to Sankalp's petition I-140 Petition and Agarwal's I-485 application, and without payment of additional fees, to reopen and reconsider the I-140 immigrant visa petition (WAC-04-175-50673) filed by Sankalp and the I-485 Adjustment of Status application filed by Agarwal (WAC-04-175-50640). Defendant and USCIS agree to adjudicate the I-140 petition and the I-485 application *de novo*. The I-140 Petition and the I-485 application will be adjudicated on the merits as if this was the first

adjudication of the petition and application.

8. Pursuant to 8 C.F.R. § 103.5(a)(1)(ii), the Defendant agrees that the visa petition at issue in this case before the United States District Court will be remanded to the AAO, and that the AAO will thereafter reasonably promptly remand the petition to the USCIS Service Center where the petition was originally considered and denied for further consideration consistent with this Agreement. The Service Center will readjudicate the I-140 Petition and I-485 application in a manner consistent with this Agreement. In the event that the Service Center denies Sankalp's I-140 Petition, the Parties agree that a timely appeal may be filed with the AAO and that the AAO will adjudicate such appeal in a manner consistent with the law and this Agreement. A copy of this Agreement will be included in the relevant USCIS files relating to Sankalp and Agarwal, and officers adjudicating Sankalp's I-140 Petition and Agarwal's I-485 application shall be aware of and adhere to the contents of this Agreement. Defendant agrees that the Plaintiffs' filing of this case will not be used in any way to prejudice the Plaintiffs during the course of the USCIS's readjudication of Sankalp's I-140 Petition or adjudication of Agarwal's application for Adjustment of Status.

9. Defendant agrees that following notice to the Plaintiffs' counsel of the remand to the Service Center, Sankalp shall have 90 calendar days to submit additional evidence and a legal memoranda or brief in support of the petition for an immigrant visa. Defendant agrees that any decisions rendered upon remand will be issued reasonably promptly after Sankalp has presented any additional evidence and/or a legal brief, and if an appeal is taken to the AAO, after such appeal has been perfected.

10. Defendant agrees that in readjudicating Sankalp's I-140 Petition and Agarwal's

application for Adjustment of Status, the USCIS will comply with all relevant statutes, including but not limited to 8 U.S.C. § 1153(b)(1) and 8 U.S.C. § 1101(a)(44)(A), (B), and (C), and any regulations that are consistent with the applicable authorizing statutes. Defendant agrees that in readjudicating Sankalp's petition, Sankalp may claim that Agarwal either served Sankalp in a "managerial capacity" under 8 U.S.C. § 1101(a)(44)(A), or in an "executive capacity" under 8 U.S.C. § 1101(a)(44)(B).

11. Defendant agrees that in readjudicating Sankalp's I-140 Petition the USCIS will acquiesce in the holdings of the Ninth Circuit Court of Appeals inasmuch as this is the Circuit in which the petition and application were filed.

12. The Parties agree that in readjudicating Sankalp's I-140 Petition, Sankalp must show eligibility at the time of the initial filing of the I-140 Petition, and the USCIS will adjudiate the I-140 Petition based upon facts as they existed at the time of the initial filing of the I-140 Petition. *See Matter of Katigbak*, 14 I&N Dec. 45, 49 (Comm. 1971).

13. The Parties agree that pursuant to 8 C.F.R. § 204.5(g)(2), Sankalp must establish its ability to pay the proffered wage from the date the petition was filed continuing up until the beneficiary (Agarwal) obtains lawful permanent resident status. However, Defendant agrees that in readjudicating Sankalp's I-140 Petition, it will not consider any failure by Sankalp to pay Agarwal while Agarwal was not authorized to be employed in the United States following the denial of Sankalp's I-140 Petition and until such time as Agarwal is again approved for employment authorization pursuant to this Agreement.

14. Defendant agrees that upon the effective date of this Agreement, Agarwal shall be eligible for employment and subject to a stay of removal. Plaintiff Agarwal agrees to apply for employment authorization within fifteen (15) days of the effective date of this

Agreement, and Defendant agrees to approve that application reasonably promptly barring information showing that Agarwal is otherwise ineligible, e.g., he is subject to removal for grounds unrelated to Sankalp's I-140 Petition (for example, a criminal conviction or withdrawal of the I-140 Petition). Thereafter, Defendant agrees that Agarwal shall be deemed lawfully present and authorized to work as long as he timely applies for renewal of his employment authorization, the AAO has not dismissed the appeal of a new USCIS denial of Sankalp's I-140 petition, or Agarwal has not independently become ineligible for Adjustment of Status, for example as a result of a criminal conviction or withdrawal of the I-140 Petition.

15. As of the effective date of this Agreement, Defendant agrees to retroactively reinstate Agarwal into the lawful status that he possessed prior to the denial of Sankalp's immigrant visa petition. Pursuant to Immigration and Nationality Act § 212(a)(9)(B)(ii), 8 U.S.C. § 1182(a)(9)(B)(ii), or any other provision of law, Agarwal will therefore not be deemed to have been unlawfully present in the United States from the date that Sankalp's visa petition was initially denied by the USCIS Service Center Director on or about August 9, 2005. In the event that the USCIS Service Center Director again denies Sankalp's visa petition, and Sankalp timely appeals that denial to the AAO, Defendant agrees that Sanjay's lawful status will not be terminated unless and until the AAO affirms the denial, unless, prior to the date of such affirmance of a denial, Sanjay departs the United States or is otherwise in compliance with the immigration laws of the United States as a result of the filing of a separate and bona fide immigrant or non-immigrant petition.

16. Upon the execution of this Agreement the Parties will promptly file this Agreement with the District Court and seek its approval of this Agreement. Plaintiffs will

promptly file a dismissal of this action upon the District Court's approval of this Agreement. Thereafter, the District Court will only maintain jurisdiction to address alleged violations of this Agreement after the procedures set forth in Paragraphs 17-18 below have been satisfied.

III. NOTICE AND DISPUTE RESOLUTION

17. All written communications concerning compliance with this Agreement shall be transmitted by U.S. mail and electronic mail ("e-mail") to the undersigned counsel for Defendant and Plaintiffs at the addresses listed below. All counsel shall be informed promptly in the event that any substitution is to be made in counsel or representatives designated to receive notification under this Agreement, and the name and contact information for substitute counsel or designated representative shall be promptly provided.

18. In the event of any instances of alleged noncompliance with this Agreement, the Parties must exchange written correspondence addressing the alleged noncompliance. Thereafter counsel for the parties must meet and confer in a good faith effort to resolve such alleged noncompliance. In the event that the issue remains unresolved, except where Plaintiffs or either one of them is or are suffering irreparable injury, the Parties must request the appointment of a magistrate to mediate the dispute in the Central District of California. Except where a Plaintiff is suffering irreparable injury, a Party may move to enforce this Agreement only after exhausting the procedures set out in this paragraph. Notice that a party has committed an alleged violation of the terms of this Agreement shall be served on Plaintiffs addressed to –

Peter A. Schey

Law Office of Peter Schey
11994 Chalon Road
Los Angeles, CA 90049
and by email to peter@peterschey.com

And Defendant addressed to —

Ira A. Daves
Assistant United States Attorney
U.S. Department of Justice
Room 7516 Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012
and by email to Ira.Daves@usdoj.gov

## IV. ATTORNEYS' FEES AND COSTS

19. Each party shall bear its own attorney's fees and costs incurred in this litigation. Plaintiffs waive whatever rights they may possess to recover fees and costs.

## V. ADMISSION OF LIABILITY

20. This Agreement does not constitute and shall not be construed or viewed as an admission of any wrongdoing or liability by any Party.

## VI. MODIFICATION OF AGREEMENT

21. This Agreement constitutes the entire agreement among the Parties as to all claims raised by Plaintiffs in this action, and supersedes all prior agreements, representations, warranties, statements, promises, covenants, and understandings, whether oral or written, express or implied, with respect to the subject matter hereof.

22. This Agreement is an integrated agreement at the time of authorization and modification and may not be altered, amended, or modified except in writing executed by all parties in interest.

## VII. MUTUAL EXCLUSIVITY OF PROVISIONS

23. If any provision of this Agreement is declared invalid, illegal, or unenforceable in any respect, the remaining provisions shall remain in full force and effect, unaffected and unimpaired.

VIII. MULTIPLE COUNTERPARTS

24. This Agreement may be executed in a number of identical counterparts, all of which shall constitute one agreement, and such execution may be evidence by signatures delivered by facsimile transmission.

IX. TITLES AND HEADINGS

25. Titles and headings to Articles and Sections herein are inserted for convenience and reference only and are not intended to be part of, or to affect the meaning or interpretation of, this Agreement.

X. REPRESENTATIONS AND WARRANTY

26. Counsel for the Parties, on behalf of themselves and their clients, represent that they know of nothing in this Agreement that exceeds the legal authority of the Parties or is in violation of any law. Defendant's counsel represent and warrant that they are fully authorized and empowered to enter into this Settlement on behalf of the Defendant, the AAO, the USCIS, the Attorney General, and the United States Department of Justice, and acknowledge that Plaintiffs enter into this Agreement in reliance on such representation. Plaintiffs' counsel represent and warrant that they are fully authorized and empowered to enter into this Agreement on behalf of Plaintiffs, and acknowledge that Defendant enters into this Agreement in reliance on such representation. The undersigned, by their signatures on behalf of Plaintiffs and Defendant, warrant that upon execution of this Agreement in their representative capacities, their principals, agents, assignees,

Agreement in their representative capacities, their principals, agents, assignees, employees, successors, and those working for or on behalf of Defendant and Plaintiffs shall be fully and unequivocally bound hereunder to the full extent authorized by law.

Date: April 5, 2009

Peter A. Schey
Law Office of Peter Schey
11994 Chalon Rd.
Los Angeles, CA 90049
Telephone: (323) 251-3223
*Counsel for Plaintiffs*

Date: April 7, 2009

By: ______________ for
Ira A. Daves
Assistant United States Attorney
U.S. Department of Justice
Room 7516 Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012
Telephone: (213) 984-2443
*Counsel for Defendants*

/ / /